MICHAEL JAY BERGER (State Bar # 100291)
SOFYA DAVTYAN (State Bar # 259544)
LAW OFFICES OF MICHAEL JAY BERGER
9454 Wilshire Boulevard, 6th Floor
Beverly Hills, California 90212
T: 1.310.271.6223 | F: 1.310.271.9805
E: Michael.Berger@bankruptcypower.com
E: Sofya.Davtyan@bankruptcypower.com

Attorneys for Debtor and Debtor-in-Possession
Purifying Systems, Inc.

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>Purifying Systems, Inc.,<br><br><br><br><br>Debtor-in-Possession. | Case No.: 2:22-bk-16301-BR<br><br>Chapter 11 (Sub Chapter V)<br><br>**MOTION TO CONFIRM DEBTOR'S SUBCHAPTER V CHAPTER 11 PLAN OF REORGANIZATION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF JAIME I. MAGANA AND SOFYA DAVTYAN IN SUPPORT THEREOF**<br><br>***Plan Confirmation Hearing:***<br>**Date:** August 8, 2023<br>**Time:** 10:00 a.m.<br>**Courtroom:** 1668<br>255 E. Temple Street<br>Los Angeles, CA 90012 |

i

# TABLE OF CONTENTS

I.    BRIEF FACTUAL BACKGROUND ................................................................. 1

II.    PLAN TREATMENT AND VOTING RESULTS .......................................... 3

   A.    ADMINISTRATIVE EXPENSES AND PRIORITY TAX CLAIMS ........... 3

   B.    CLASSIFIED CLAIMS AND INTERESTS ........................................... 4

III.    DEBTOR'S PLAN SATISFIES THE REQUIREMENTS SET FORTH IN 11 U.S.C.
§ 1129(a) AND (b) AND THUS SHOULD BE CONFIRMED ............................. 5

   A.    REQUIREMENTS OF §1129(A) ............................................................ 6

   C.    DEBTOR HAS COMPLIED WITH THE APPLICABLE PROVISIONS OF
TITLE 11 (§ 1129(A)(2)) ........................................................................ 13

   D.    DEBTOR'S PLAN IS PROPOSED IN GOOD FAITH (§1129(A)(3)) ............... 13

   E.    DEBTOR'S PLAN PROVIDES FOR COURT SUPERVISION OF
COMPENSATION OF PROFESSIONALS (§1129(A)(4)) ............................. 13

   F.    DEBTOR'S PLAN DISCLOSES THE IDENTITY OF ALL
POSTCONFIRMATION MANAGEMENT (§ 1129(A)(5)) ........................... 14

   G.    DEBTOR'S PLAN DOES NOT REQUIRE APPROVAL OF ANY
REGULATORY COMMISSION (§ 1129(A)(6)) ........................................ 14

   H.    DEBTOR'S PLAN MEETS THE BEST INTEREST TEST (§ 1129(A)(7)) ......... 15

   I.    ACCEPTANCE OF PLAN BY CREDITORS AND INTEREST HOLDERS (§
1129(A)(8)). .......................................................................................... 16

   J.    DEBTOR'S PLAN PROPERLY TREATS ADMINISTRATIVE AND PRIORITY
CLAIMS (§ 1129(A)(9) .......................................................................... 19

   K.    §1129(A)(10). ....................................................................................... 20

   L.    DEBTOR'S PLAN SATISFIES THE REQUIREMENT OF 11 U.S.C. § 1191(d)
20

ii

M.    DEBTOR'S PLAN IS FEASIBLE (§ 1129(A)(11) ......................................... 21

N.    PAYMENT OF FEES DUE THE UNITED STATES TRUSTEE (§ 1129(A)(12)) 21

P.    DEBTOR HAS NO DOMESTIC SUPPORT OBLIGATIONS (§1129(A)(14)). ... 22

Q.    SECTION 1129(A)(15) ......................................................................... 22

R.    § 1129(A)(16) DOES NOT APPLY .......................................................... 22

IV.    CONCLUSION ................................................................................. 23

DECLARATION OF JAIME I. MAGANA ...................................................... 24

DECLARATION OF SOFYA DAVTYAN ........................................................ 31

MOTION TO CONFIRM DEBTOR'S SUBCHAPTER V CHAPTER 11 PLAN OF REORGANIZATION; MEMORANDUM OF POINTS
AND AUTHORITIES; DECLARATIONS OF JAIME I. MAGANA AND SOFYA DAVTYAN IN SUPPORT THEREOF

**TO THE HONORABLE BARRY RUSSELL, JUDGE OF THE UNITED STATES
BANKRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA, TO THE UNITED
STATES TRUSTEE, TO THE SUBCHAPTER V TRUSTEE, CREDITORS AND TO ALL
INTERESTED PARTIES:**

## I.   BRIEF FACTUAL BACKGROUND

On November 16, 2022, Purifying Systems. Inc. (the "Debtor"), the Debtor-in-Possession
in the above-referenced Chapter 11 case, commenced this bankruptcy case by filing a voluntary
petition under Chapter 11 of 11 U.S.C. §101 et seq. (the "Bankruptcy Code").

Jaime Magana and Jaime I. Magana purchased the business from Rodger and Mary Van
Fleets in 2017. The Debtor provides water filtration services.

Debtor does not hold an interest in any real estate.  Debtor's personal property assets
have a total estimated value of $220,301.00 (see Exhibit-A attached in support of Debtor's Plan
of Reorganization for Small Business Under Chapter 11) ("Plan").

Debtor's scheduled secured creditors are Wells Fargo Bank, N.A., ODK Capital Services
Center, Callahan & Blaine APLC (secured only by an attorney lien for prospective award of
attorneys' fees in connection with Van Fleet litigation), Rodger and Mary Van Fleet as Trustees
of the Van Fleet Family Trust, U.S. Small Business Administration, and Westech Engineering
("Secured Creditors"). Based on Debtor's valuation of the assets, Wells Fargo Bank, N.A., the
holder of the first position UCC lien's claim has been bifurcated into $220,939.31 secured claim
and $502,165.70 as a general unsecured claim.  The rest of the secured creditors whose claims
are fully undersecured are treated in general unsecured class 3.  See Exhibit B-1 attached in
support of Debtor's Plan for the list of Secured Creditors and their treatment under Debtor's
Plan.

Debtor's unsecured priority creditors are the Internal Revenue Service with an allowed
priority unsecured claim amount of $2,167.64, California Department of Tax and Fees with an

allowed priority unsecured claim amount of $12,800.00, Franchise Tax Board with an allowed priority unsecured claim amount of $927.78, and Kern County Treasurer-Tax Collector with an allowed priority unsecured claim amount of $1,496.11. See Exhibit B-2 attached in support of Debtor's Plan.

Debtor's general unsecured creditors hold claims with an estimated aggregate amount of $1,506,662.51.[1] See Exhibit B-3 attached in support of Debtor's Plan for holders of Class 3 claims and their treatment under Debtor's Plan.

On March 3, 2023 Debtor filed its Plan of Reorganization for Small Business Under Chapter 11 (the "Sub Chapter V Plan" aka "Plan" aka "Sub V Plan") [Docket No.: 59].

On June 9, 2023, the court issued a Scheduling Order Following May 30, 2023 Status Hearing ("Scheduling Order") [docket no.: 88], setting the following schedule of dates and deadlines with regards to confirmation of the Plan:

- *July 11, 2023 is the deadline for Debtor to file a Motion to Confirm Plan;*
- *Use of cash collateral is approved through August 8, 2023; and*
- *August 8, 2023 at 10:00 a.m. is the hearing on confirmation of Debtor's Subchapter V Plan and a continued hearing on Debtor's Motion for Authority to Use Cash Collateral.*

The Scheduling Order was served on US Trustee, Subchapter V Trustee, and all creditors and parties in interest on June 13, 2023. See Declaration of Peter Garza Regarding Service of the Scheduling Order Following May 30, 2023 Status Hearing [docket no.: 91].

The Subchapter V Plan and the Ballot Form were mailed to all required parties on March 3, 2023.

As of July 11, 2023, no preliminary objections to Debtor's Plan have been filed or received.

---

[1] Exhibit B-3 attached in support of Debtor's Plan of Reorganization states that Rodger and Mary Van Fleets did not file a timely claim and the claim total is not included in $1,506,662.51 total. Van Fleet's claim was filed timely but there is a pending objection to Van Fleet's claim set for July 18, 2023 hearing. After the hearing on the objection to claim motion, Debtor will supplement the plan by filing an amended Exhibit B-3 specifying the treatment of Van Fleet's claim.

MOTION TO CONFIRM DEBTOR'S SUBCHAPTER V CHAPTER 11 PLAN OF REORGANIZATION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF JAIME I. MAGANA AND SOFYA DAVTYAN IN SUPPORT THEREOF

As of April 3, 2023 ballot submission deadline, Debtor's counsel received a total of 7 ballots, consisting of three (3) ballots voting to accept Debtor's Plan and four (4) ballots voting to reject Debtor's Plan. A summary of ballots filed concurrently with this motion is attached hereto as **Exhibit-A**.

II.    **PLAN TREATMENT AND VOTING RESULTS**

Debtor's Plan sets forth the following classes and treatment of each class:

A.  **ADMINISTRATIVE EXPENSES AND PRIORITY TAX CLAIMS**

i.      Law Offices of Michael Jay Berger (counsel for Debtor): $40,000.00 in fees and costs was estimated at the time Debtor's Plan was filed.  Since the filing of the Plan. Debtor's counsel filed his first interim fee application requesting fees in the amount of $37,929.00 and costs in the amount of $1,232.20, for a total of $39,161.20.  The order approving the first interim fee application of Debtor's counsel was entered on June 5, 2023 [docket no.: 84].  Debtor's counsel applied the $23,669.50 retainer held in his client trust account toward the approved fees and costs, leaving a balance of $15,491.70 to be paid by the Debtor.  On July 2, 2023, Debtor paid $7,745.85 toward approved fees, leaving a balance of $7,745.85 to be paid by Debtor to its counsel.

ii.      Sub Chapter V Trustee, Douglas Flahaut: $4,000.00 (estimated claim amount); to be paid in full upon obtaining the court's approval of the fee application, unless specifically agreed.

iii.      Debtor's Certificated Public Accountant, Jennifer M. Liu ("Debtor's CPA"): $4,000.00 in fees and costs was estimated at the time Debtor's Plan was filed. Since the filing of the Plan, Debtor's CPA filed her first interim fee application requesting fees in the amount of $14,980.00 and no costs. The order approving the first interim fee application of Debtor's CPA

3

was entered on June 21, 2023 [docket no.: 95]. Debtor's CPA applies the $5,000.00 retainer held in her account toward the approved fees, leaving a balance of $9,980.00 due to be paid by Debtor to its CPA.

iv.    Priority tax claimant of the Internal Revenue Service ("IRS") for $2,167.74 [POC #9]. The $2,167.74is to be paid in full within 5 years from the petition date at the applicable interest rate. The monthly amortized payments are $44.91 (computed at 5% interest rate).

v.    Priority tax claim of Franchise Tax Board ("FTB") for $927.78 [POC #13] which will be paid in full within 5 years from the petition date at the applicable interest rate. The monthly amortized payments are $19.22 (computed at 5% interest rate).

vi.    Priority tax claim of California Department of Tax and Fee Administration ("CDTFA") for $12,800.00 which will be paid in full within 5 years from the petition date at the applicable interest rate.  The monthly amortized payments are $283.04 (computed at 8% interest rate).

vii.    Priority tax claim of Kern County Treasurer – Tax Collector ("Kern County") for $1,496.11 [POC 2.1] which will be paid within 5 years from the petition date at the applicable interest rate. The monthly amortized payments are $40.62 (computed at 18% interest rate).

**B.  CLASSIFIED CLAIMS AND INTERESTS**

1. **Class #1** – *Debtor Does Not Have Any Priority Class 1 Claims, Excluding Those In Article 3*

2. **Class #2** – *Secured Claims*

***Class 2(A): Secured Claim of Wells Fargo Bank, N.A. ("Wells Fargo")***
Treatment: Debtor's Plan bifurcates Wells Fargo's claim into $220,939.31 secured claim ("Allowed Secured Claim") and treats the balance of $502,165.70 as a general unsecured claim in class 3.  Debtor has been making monthly $5,401.46 adequate protection payments to Wells Fargo and will continue to make this payment until plan confirmation.  Through the Plan, Debtor proposes to pay Wells Fargo monthly amortized payments of $4,220.20 per month for 60 months at 5.5% interest rate, with the first payment of $4,220.20 due on the Effective Date, followed by

4

consecutive monthly payments of $4,220.20 each for 59 months thereafter to satisfy the Allowed Secured Claim in full. See Exhibit B-1.

Impaired/Unimpaired: IMPAIRED; ENTITLED TO VOTE; SUBMITTED A BALLOT REJECTING THE PLAN.

*Class 2(B): Secured Claim of Callahan & Blaine APLC*

*Treatment:* At the time the Plan was filed, the attorneys' fees were not awarded yet. Since then, the state court made a ruling on the attorneys' fees. Debtor had scheduled the fees owed to Callahan & Blaine APLC as unliquidated and disputed. Debtor, through counsel, has been attempting to resolve the fee disagreements with Callahan & Blaine APLC. If an agreement is reached, a supplement and/or a plan treatment stipulation will be filed with the court. See Exhibit B-1.

Impaired/Unimpaired: IMPAIRED; ENTITLED TO VOTE; DID NOT SUBMIT A BALLOT.

*3. Class #3 – Non-Priority Unsecured Creditors*

**Class 3**: General unsecured claims are unsecured claims that are not entitled to priority under Code §507(a). In the present case, the Debtor estimates that there are approximately $1,506,662.51[2] in general unsecured claims.

*Treatment*: General unsecured creditors will receive a total of approximately 1% of their allowed claims in monthly payments over five years, with the first payment of $251.11 due on the Effective Date, followed by 59 consecutive monthly payments, each in the amount of $251.11 and due on the first day of each month.

Impaired/Unimpaired: IMPAIRED. VOTED AGAINST THE PLAN.

*4. Class #4 – Equity Security Holders of the Debtor (INSIDERS: NOT ENTITLED TO VOTE)*

The equity security holders of the Debtor are:

Jaime Magana: Debtor's CEO and a 20% shareholder;

Jaime I. Magana: Debtor's Secretary and an 80% shareholder.

Jaime Magana holds a pre-petition claim against the Debtor for $74,000.00. He will not be receiving any distribution on his $74,000.00 claim the general unsecured class is not receiving a 100% distribution through Debtor's Plan.

The equity security holders will retain their equity interests in the Debtor as of the Effective Date.

NOT ENTITLED TO VOTE

**III.    DEBTOR'S PLAN SATISFIES THE REQUIREMENTS SET FORTH IN 11 U.S.C. § 1129(a) AND (b) AND THUS SHOULD BE CONFIRMED**

Debtor's Plan satisfies the requirements of 11 U.S.C. §1129(a) and (b), where

---

[2] This total does not include Van Fleets claim, and will be supplemented once the hearing on Debtor's objection to Van Fleet's claim is concluded.    5

applicable. Thus, Debtor prays for an order of this Court confirming its Plan.

## A.  REQUIREMENTS OF §1129(A)

Debtor's Plan may be confirmed if each of the following confirmation requirements set forth in §§1129(a)(1) through (16), inclusive, are satisfied.

1.    The plan complies with the applicable provisions of Title 11 (§1129(a)(1));

2.    The plan proponent, who is the debtor, has complied with the applicable provisions of Title 11 (§1129(a)(2));

3.    The plan has been proposed in good faith and not by any means forbidden by law (§1129(a)(3));

4.    The debtor has disclosed to the court any payment made for services rendered or for costs and expenses incurred in connection with the case or the plan and such payments have been approved by, or are subject to the approval of, the court as reasonable (§1129(a)(4));

5.    The debtor has disclosed the identity, affiliations and compensation of individuals proposed to serve as officers and directors of the debtor after confirmation and the continuances in such offices by such individuals is consistent with the interests of creditors and equity security holders and with public policy (§1129(a)(5));

6.    To the extent the debtor is subject to the jurisdiction of any regulatory commission, any rate change provided in the plan has been approved by, or is subject to the approval of, such regulatory commission(§1129(a)(6));

7.    Each holder of a claim or interest in an impaired class has either accepted the plan or will receive or retain under the plan on account of such claim or interest, property of a value, as

6

of the effective date of the plan, that is not less than the amount that such holder would receive

or retain if the debtor were liquidated under Chapter 7 (§1129(a)(7));

8.    Each class of claims or interests has either voted to accept the plan or is not impaired

under the plan (§ 1129(a)(8));

9.    The treatment of administrative expenses and priority claims under the plan complies

with the provisions of §1129(a)(9);

10.    If a class of claims is impaired under the plan, at least one (1) impaired class of claims

has accepted the plan, determined without including the acceptances of any insiders holding

claims in such class(§1129(a)(10));

11.    Confirmation of the plan is not likely to be followed by the liquidation or the need for

further financial reorganization of the debtor (§1129(a)(11));

12.    The plan provides for payment on the effective date of all fees payable under 28 U.S.C.

§1930 (§1129(a)(12));

13.    To the extent it applies in this case, the plan provides for the continued payment of all

retiree benefits for the duration of the period the debtor has obligated itself to provide such

benefits(§1129(a)(13));

14.    If the debtor is required by a judicial or administrative order, or by statute, to pay a

domestic support obligation, the debtor has paid all amounts payable under such order or such

statute for such obligation that first become payable after the date of the filing of the petition

(§1129(a)(14));

15.    In a case in which the debtor is an individual and in which the holder of an allowed

unsecured claim objects to the confirmation of the plan—

(A)    the value, as of the effective date of the plan, of the property to be distributed

7

under the plan on account of such claim is not less than the amount of such

claim; or

(B)    the value of the property to be distributed under the plan is not less than the

projected disposable income of the debtor (as defined in §1325(b)(2)) to be

received during the 5-year period beginning on the date that the first payment is

due under the plan, or during the period for which the plan provides payments,

whichever is longer. (§1129(15)); and

16.    All transfers of property of the plan shall be made in accordance with any applicable

provisions of non-bankruptcy law that govern the transfer of property by a corporation or trust

that is not a moneyed, business, or commercial corporation or trust. (§1129(16)).

This Memorandum addresses whether Debtor's Plan meets the requirements of 11

U.S.C. § 1129(a).

## B.  DEBTOR'S PLAN COMPLIES WITH THE APPLICABLE PROVISIONS OF CHAPTER 11 (§1129(A)(1))

§ 1129(a)(1) requires that a plan comply with the applicable provisions of Chapter 11.  These

provisions include §§1122 and 1123, governing the classification of claims and interests and the

contents of a plan. In re Texaco, Inc., 84 B.R. 893, 905 (Bankr. S.D.N.Y.) ("In determining

whether a plan complies with §1129(a)(1), reference must be made to Code §§1122 and 1123

with respect to classification of claims and the contents of a plan of reorganization"). As

discussed below, the Debtor's Plan satisfies the requirements of §§1122 and 1123.

### i.    § 1122(a).

§ 1122 governs the classification of claims and interests.  § 1122(a) states in relevant part:

[A] plan may place a claim or an interest in a particular class only if such
claim or interest is substantially similar to other claims or interests of such
class.                                   8

Debtor's Plan designates four (4) classes of claims; each class consists of claims or interests which are substantially similar to one another.

**Class 2 (A)** consists entirely of the secured claim of West Coast Business Capital.

**Class 2 (B)** consists entirely of the secured claim of Callahan & Blaine APLC.

**Class 3** consists entirely of general unsecured creditors.

**Class 4** consists entirely of the equity security holders of the estate.

## ii. § 1123(a) (Mandatory Provisions).

§ 1123(a) specifies the seven (7) mandatory requirements and permissive provisions for a plan of reorganization. As demonstrated below, the Debtor's Plan contains each of the mandatory and some of the permissive provisions listed in §1123.

(1)   § 1123(a)(1)

§ 1123(a)(1) requires that a plan designate classes of claims, other than those of a kind specified in §507(a)(1) (administrative claims), § 507(a)(7) (tax claims), and interest holder claims. Here, Debtor's Plan designates classes of claims and interests in accordance with this requirement.

(2)   § 1123(a)(2)

§ 1123(a)(2) requires that a plan "specify any class of claims or interests that is not impaired under the plan." Here, Debtor's Plan indicates which of the classes are impaired and which are not impaired.

(3)   § 1123(a)(3)

§ 1123(a)(3) requires that a plan "specify the treatment of any class of claims or interests that is impaired under the plan." Here, Debtor's Plan indicates which classes are impaired and specifies their treatment.

(4)    § 1123(a)(4)

§ 1123(a)(4) requires that a plan provide the same treatment for each claim or interest of a particular class, unless the holder of the particular claim or interest agrees to less favorable treatment of such particular claim or interest." In this case, the Debtor's Plan provides for the same treatment for each claim or interest within a particular class.

(5)    § 1123(a)(5)

§ 1123(a)(5) requires that a plan "provide adequate means for the plan's implementation." The means for executing Debtor's Plan is set forth in Exhibit C to the Plan, which includes the Debtor's projections and monthly operating report summary. As described therein, the Debtor will fund its Plan with its cash on hand and the revenue from the business.  Debtor's Plan provides adequate means for its implementation, and hence the Debtor's Plan complies with the requirements of §1123(a)(5).

(6)    § 1123(a)(6)

§ 1123(a)(6) mandates that the Plan require the inclusion in its Articles of Incorporation of a provision prohibiting issuance of non-voting shares and provisions relating to election of directors in the event of default in the payment of dividends. Here, Debtor will make the necessary amendments to its Articles of Incorporation to satisfy this requirement.

(7)    § 1123(a)(7)

10

§ 1123(a)(7) requires that the Plan contain no provisions which violate public policy with respect to selection of any officer, director or trustee under the Plan. Here, the Plan does not carry any such provision.

### iii.    § 1123(b) (Permissive Provisions).

§1123(b) specifies six (6) permissive provisions that may be included in a plan. All six (6) of these provisions are contained in Debtor's Plan.

(1)    § 1123(b)(1).

§ 1123(b)(1) provides that a plan may "impair or leave unimpaired any class of claims, secured or unsecured, or of interests." Here, Debtor's Plan consists of impaired classes.

(2)    § 1123(b)(2).

§ 1123(b)(2) specifies that a plan may, "subject to §365 of this title [Title 11], provide for the assumption, rejection, or assignment of any executory contract or unexpired lease of the Debtor not previously rejected under such section."

Debtor's Plan does not contain any executory contracts or unexpired lease for Debtor to assume.

Debtor's Plan rejects that certain business store front lease Debtor was a party to with Mid-Cal Property Management. Last payment was made in January 2022. Debtor vacated the premises in May 2022 and rejected the lease prior to the filing of the present bankruptcy case.

(3)    § 1123(b)(3).

§ 1123(b)(3) specifies that a plan may provide for settlement or adjustment of any claim or interest belonging to the Debtor or to its estate, and for retention and enforcement by the Debtor, by the trustee, or by a representative of the estate appointed for such purpose of any

claim or interest.  Here, Debtor's Plan provides the Debtor's secretary, Jaime I. Magana, is

designated as the representative of the estate and may enforce any claims or causes of action

belonging to the estate after the Effective Date.

(4)  §1123(b)(4).

§1123(b)(4) permits the plan to provide for the sale of all or part of the property of the

estate. Here, the Plan does not propose any sale of all or part of the property of the estate.

(5)  §1123(b)(5).

§1123(b)(5) specifies that a plan may "modify the rights of holders of secured claims,

other than a claim secured only by real property that is the Debtor's principle residence...".

Here, the Plan seeks to modify the rights of its secured creditor, Wells Fargo (Class 2A), which

holds a UCC Lien against Debtor's personal property assets. Debtor is a corporation and does not

own any real property, and therefore, the provision regarding "principal residence" is not

applicable to the Debtor.

(6)   §1123(b)(6).

§1123(b)(6) specifies that a plan may "include any other appropriate provision not

inconsistent with the applicable provisions of this title [title 11]."  Although Debtor's Plan

contains other provisions not expressly referred to in §1123, none of these provisions are

inconsistent with the provisions of Title 11 of the United States Code.

iv.    §1123(c).

Since the Debtor proposed the Plan, §1123(c) is inapplicable.

### Conclusion Regarding Debtor's Requirements of §§1122 and 1123

In sum, Debtor's Plan complies with the applicable provisions of Title 11 and, therefore,

meets the requirements of §1129(a)(1). As the foregoing demonstrates, the classification scheme

12

proposed by Debtor's Plan is consistent with §1122.  In addition, Debtor's Plan meets the

mandatory requirements of §1123(a), contains all of the discretionary provisions of §1123(b) and

contains other provisions not inconsistent with Title 11.

## C. DEBTOR HAS COMPLIED WITH THE APPLICABLE PROVISIONS OF TITLE 11 (§ 1129(A)(2))

§ 1129(a)(2) requires that the proponent of a plan comply with the applicable provision of

Chapter 11.

Debtor is the Plan Proponent.  Chapter 11 requires that the proponent of a plan comply

with §1125 before soliciting acceptances, and comply with §1127 regarding any modifications to

a plan.

### i. § 1125.

§ 1125 states that acceptance or rejection of a plan may not be solicited after

commencement of the case unless, before such solicitation, there is transmitted to the party being

solicited a summary of the plan and a written disclosure statement approved by the court.

Section 1125 also requires that the same disclosure statement be transmitted to each holder of a

claim or interest of a particular class. This is a Subchapter V case, and all disclosure information

is contained in the Plan. The Plan and the Ballot form were served on the creditors and parties in

interest on March 3, 2023. As such, the Debtor has complied with the requirements of §1125.

## D. DEBTOR'S PLAN IS PROPOSED IN GOOD FAITH (§1129(A)(3))

§ 1129(a)(3) requires that a plan be proposed in good faith and not by any means

forbidden by law.  Debtor submits that the record of this case evidences that its Plan is proposed

in good faith and not by any means forbidden by law.  The sole purpose of this Plan is to resolve

Debtor's obligations to its creditors in accordance with the provisions of the Bankruptcy Code.

## E. DEBTOR'S PLAN PROVIDES FOR COURT SUPERVISION OF COMPENSATION OF PROFESSIONALS (§1129(A)(4))

15

§ 1129(a)(4) requires:

> Any payment made or to be made by the proponent, by the Debtor,
> or by a person issuing securities or acquiring property under the
> plan, for services or for costs and expenses in or in connection
> with the case, or in connection with the plan and incident to the
> case, has been approved by, or is subject to the approval of, the
> court as reasonable.

Debtor's Plan contemplates payment to holders of allowed administrative claims, which include payment of compensation and reimbursement of expenses to professionals, shall be made only after entry of an order by the Bankruptcy Court, following notice and a hearing. Any payment made or to be made to persons for services or for costs and expenses, or in connection with this Chapter 11 case, or in connection with the Debtor's Plan and incident to the Chapter 11 case, have been or will be disclosed to the Court in proofs of claim or other pleadings filed with the Court or in applications to compensate professionals. These procedures and the ultimate determination by the Court following appropriate notice and hearing of the professional fees and expenses requested satisfies the objectives of §1129(a)(4).

## F. **DEBTOR'S PLAN DISCLOSES THE IDENTITY OF ALL POSTCONFIRMATION MANAGEMENT (§ 1129(A)(5))**

§ 1129(a)(5) requires that the plan proponent disclose the identity and affiliations of any individual proposed to serve, after confirmation of the plan, as an officer, director, or voting trustee of the Debtor. Debtor's Plan identifies the following two equity security holders of the Debtor: Jaime Magana: Debtor's CEO and a 20% shareholder; Jaime I. Magana: Debtor's Secretary and an 80% shareholder.

## G. **DEBTOR'S PLAN DOES NOT REQUIRE APPROVAL OF ANY REGULATORY COMMISSION (§ 1129(A)(6))**

§ 1129(a)(6) of the Bankruptcy Code requires that the appropriate regulatory

14

commission must approve any changes in the rates provided in a plan.  Debtor is not subject to

the jurisdiction of any regulatory commission regarding "rates," and thus this section is

inapplicable.

### H.  DEBTOR'S PLAN MEETS THE BEST INTEREST TEST (§ 1129(A)(7))

§ 1129(a)(7) requires that the holder of a claim or interest of each impaired class must

either accept the plan, or receive or retain under the plan property of a value, as of the effective

date of the plan, that is not less than the amount that such holder would receive or retain if the

Debtor were to be liquidated under Chapter 7 of the Bankruptcy Code.  This is the so-called "best

interest" of creditors test.  See In re Victory Construction Co., 42 B.R.145, 151 (Bankr. C.D. Cal

1984) (J. Ayer) (The court "must find that each [non-accepting] creditor will receive or retain

value that is not less than the amount he would receive if the Debtor were liquidated").

**Class 2 (A)** consists entirely of the secured claim of Wells Fargo. Debtor is paying Wells

Fargo $220,939.31 as a secured claim, based on the value of Debtor's assets (see Exhibit-A

attached to Debtor's Plan) and is treating the estimated $502,165.70 balance as a general

unsecured claim in Class 3, which is scheduled to receive a 1% distribution on its allowed

unsecured claim.  Under a hypothetical chapter 7 analysis, Wells Fargo would not receive more

than what Debtor's Plan is proposing to pay through its Plan.  See Exhibit-E attached in support

of Debtor's Plan for detailed Liquidation Analysis, which shows that in Chapter 7, the

percentage distribution to general unsecured creditors would be 0%.

**Class 2(B)** consists entirely of the secured claim of Callahan & Blaine APLC. Debtor's

treatment of Callahan & Blaine's claim is contingent on the award of attorneys' fees to the

Debtor in connection with Van Fleet's litigation. Callahan & Blaine's proof of claim is for

$291,657.09 and the claim is listed in Debtor's schedules as a disputed and unliquidated claim.

15

Debtor through its Counsel will attempt to resolve Callahan & Blaine's claim prior to August 8, 2023 plan confirmation hearing.

**Class 3** consists of Debtor's impaired general unsecured non-priority claims. Debtor is paying its unsecured creditors more than they would receive in a Chapter 7 liquidation. *As detailed in its Liquidation Analysis, the amount the unsecured creditors would receive in prospective a Chapter 7 is* $0.00 (0%) on the dollar. Pursuant to the Plan, Class 3 general unsecured creditors will receive approximately **1.00%** of their allowed claims, which is more than they would receive in a Chapter 7 case. More importantly, Class 3 (A) <u>VOTED TO ACCEPT THE PLAN.</u>

**Class 4** discloses information for Jaime Magana and Jaime I. Magana as Debtor's equity interest holders in the Debtor. Jaime Magana holds a pre-petition claim against the Debtor with an estimated outstanding balance of $74,000.00.

I.  <u>**ACCEPTANCE OF PLAN BY CREDITORS AND INTEREST HOLDERS (§ 1129(A)(8)).**</u>

§ 1129(a)(8) requires that each class of claims or interests either accept the plan or not be impaired. Following is a summary of the voting:

**Class 2 (A)** consists entirely of the impaired secured claim of Wells Fargo; IMPAIRED, ENTITLED TO VOTE, SUBMITTED A BALLOT REJECTING THE PLAN;

**Class 2 (B)** consists entirely of the impaired secured claim of Callahan & Blaine APLC; IMPAIRED, ENTITLES TO VOTE, SUBMITTED A BALLOT REJECTING THE PLAN;

**Class 3** consists entirely of the impaired general unsecured creditor claims; IMPAIRED, ENTITLED TO VOTE; SUBMITTED A BALLOT REJECTING THE PLAN.

16

**Class 4** consists entirely of the equity interest holders of the Debtor, none of which are creditors of the Debtor. <u>NOT ENTITLED TO VOTE</u>.

Since Class 2(A), Class 2(B), and Class 3 did not submit a ballot or submitted a ballot rejecting the Plan, the Plan must satisfy Section 1191(b).

11 U.S.C. § 1191(b) provides that where § 1129(a)(8) or 1129(a)(10) are not satisfied, the court may nonetheless confirm the Plan under § 1191(b) if the Plan does not discriminate unfairly and is fair and equitable with respect to each class of claims or interest.

Compliance with **11 U.S.C. § 1191(a)**

1. <u>Degree of Plan Acceptance</u>. **11 U.S.C. § 1129(a)(8)** requires that each class of claims either accepts the Plan or is not impaired under the Plan.

   a. **Evidence**. The Plan Ballot Summary is attached as **<u>Exhibit A</u>** to this motion. The declaration of <u>Sofya Davtyan</u> is filed in support of the Motion and establishes the level to which the Plan is accepted, including:

      i. <u>Acceptance by Ballots</u>: By claimants who were entitled to vote and who voted to accept the Plan.

      ii. <u>Deemed Acceptance</u>: By claimants who were not impaired and therefore not entitled to vote [11U.S.C. § 1126(f)], who were entitled to vote but did not vote [LBR 9013-1(h)], or who were members of an impaired class and at least two-thirds (2/3) in amount and more than one-half (1/2) in number of all allowed claims class members who actually voted, voted in favor of the Plan [11 U.S.C. § 1126(c)-(d)].

      iii. <u>Non-Acceptance</u>: By claimants who were entitled to vote, and voted to not accept the Plan, but whose claims receive treatment specified in 11 U.S.C. § 1129(a)(7), (9) or (10).

Since Class 2(A) submitted a ballot rejecting the plan, since Class 2(B) did not submit a ballot and is deemed to have rejected the plan, and since Class 3 submitted a ballot rejecting the plan, 11 U.S.C. Section 1129(a)(8) has not been satisfied. However, as stated

17

herein, the court may still confirm the Plan because the plan complies with 11 U.S.C. Section 1191(b).

1.    **No Unfair Discrimination.**  For the reasons discussed in the following paragraph and supported by the Declaration of Jaime I. Magana, the Plan does not discriminate unfairly with respect to each class of claims or interests that is impaired under the Plan and did not accept the Plan.

The Plan does not discriminate unfairly with respect to the holder of Class 2 (A) Wells Fargo because it proposes to pay Wells Fargo $220,939.31 as a secured claim based on the valuation of Debtor's Assets as of Plan Confirmation Hearing Date (See Exhibit-A to Debtor's Plan).  Furthermore, the treatment of Wells Fargo's claim as a secured claim for $220,939.31 is more than fair and equitable as the Debtor has been making monthly $5,401.46 adequate protection payments to Wells Fargo since the filing of the chapter 11 case and will continue to do so until the Plan is confirmed.

The Plan does not discriminate unfairly with respect to the holder of Class 2 (B) Callahan & Blaine APLC because it proposes to pay Callahan & Blaine APLC as a secured claim based on the value of Debtor's receivable for the attorneys' fee award (See Exhibit-A to Debtor's Plan).

The Plan does not discriminate unfairly with respect to the holder of Class 3 – general unsecured creditors, because it proposes to pay the holders of allowed general unsecured claims more than they would have received in a chapter 7 liquidation case.

2.    **Fair and Equitable.**  As indicated below, the Plan is fair and equitable with respect to each class of claims or interests that is impaired under the Plan and did not accept the Plan.

18

With respect to a class of secured claims, the plan complies with § 1129(b)(2)(A), which provides in relevant parts:

(A) that the holders of such claims retain the liens securing such claims, whether the property subject to such liens is retained by the debtor or transferred to another entity, to the extent of the allowed amount of such claims; and

(B) that each holder of a claim of such class receive on account of such claim deferred cash payments totaling at least the allowed amount of such claim, of a value, as of the effective date of the plan, of at least the value of such holder's interest in the estate's interest in such property.

Wells Fargo is an impaired secured creditor and submitted a ballot in this case rejecting the Plan. Debtor's Plan proposes to bifurcate Wells Fargo's claim into $220,939.31 secured claim based on the value of its assets and $502,165.70 general unsecured claim. Debtor's Plan complies with the "fair and equitable" requirement because it offers to pay the $220,939.31 allowed secured claim amount to Wells Fargo over 5 years from the Effective Date.

## J.  DEBTOR'S PLAN PROPERLY TREATS ADMINISTRATIVE AND PRIORITY CLAIMS (§ 1129(A)(9).

11 U.S.C. § 1129(a)(9) requires that the Plan treat all priority claims consistent with the requirements of 11 U.S.C. §§ 507(a) which generally means that administrative claimants who have not agreed to accept other treatment and holders of non-priority tax claims that have rejected the Plan must be paid in full on the effective date; and, 11 U.S.C. § 507(a)(8) tax claims must be paid over a period not exceeding 5 years after the date of the order for relief and on terms that are not less favorable than the most favored nonpriority unsecured claim.

Here, the Debtor has employed two professionals in this case – its bankruptcy counsel and its certified public accountant. The bankruptcy counsel and the accountant will be paid in full upon the entry of the order approving the fee applications. Moreover, as stated in Debtor's Plan, Debtor's Counsel and the Accountant are amenable to a different payment arrangement with the Debtor in the event that Debtor is unable to pay their fees and costs in full on the Effective Date.

19

The other administrative claimant is the Sub Chapter V Trustee, Gregory K. Jones. The Sub Chapter V Trustee will be paid in full on the Effective Date subject to Court's approval of his fee application. A payment plan arrangement may be worked out between the Debtor and Sub Chapter V Trustee in the event the Debtor is unable to pay the fees in full on the Effective Date.

§ 1129(a)(9)(B) requires that wage claimants (§507(a)(3)), employee benefit priority claimants (§507(a)(4)), certain farmer and fisherman priority claimants (§507(a)(5)) and consumer deposit priority claimants (§507(a)(6)) receive full payment of the allowed amount of their respective priority claims, in cash on the effective date of the plan if the class has not voted to accept the plan, or deferred cash payments of a value as of the effective date of the plan equal to such allowed claims if the class has accepted the plan. Debtor does not have any such claims.

As to §1129(a)(9)(C) tax claims entitled to priority under §507(a)(8), Debtor has four priority unsecured tax claims and is paying these claims in full within five (5) years from the Petition Date at the applicable interest rate.

In sum, the Debtor's Plan treats priority claims in accordance with §1129(a)(9). Debtor's Plan complies with 11 U.S.C. §1129(a)(9).

### K. §1129(A)(10).

11 U.S.C. § 1129(a)(10) requires that if a class of claims is impaired under the Plan, at least one class of claims that is impaired under the Plan has accepted the Plan, determined without including any acceptance of the Plan by any insider.

Holders of general unsecured claims in Class 3 submitted ballots **VOTING AGAINST THE PLAN.** As such, this requirement is satisfied.

### L.  DEBTOR'S PLAN SATISFIES THE REQUIREMENT OF 11 U.S.C. § 1191(d)

Pursuant to 11 U.S.C. § 1191(d), disposable income means income received by the

20

Debtor that is not reasonably necessary to pay for maintenance or support of the debtor or dependent of the debtor, or a domestic support obligation that first becomes payable after the date the bankruptcy case was filed.

Debtor's Plan provides for 1% distribution to holders of general unsecured claims in Class 3. As evident by the projections, Debtor will be able to make all payments under the Plan.

## M. DEBTOR'S PLAN IS FEASIBLE (§ 1129(A)(11)

§ 1129(a)(11) requires that the Court find that "confirmation of the plan is not likely to be followed by the liquidation, or need for further financial reorganization, of the Debtor…"

The Debtor's income and expense projections, which are attached to Debtor's Plan as Exhibit C", coupled with the Monthly Operating Reports filed with the Court, show that Debtor has sufficient income from its cash on hand and the revenue generated from the operation of its restaurant to fund its Plan. Summary of Debtor's Monthly Operating Reports also support the feasibility of the plan by showing a positive net income and a steady increase in Debtor's revenue to fund the Plan. As such, the Plan is feasible.

## N. PAYMENT OF FEES DUE THE UNITED STATES TRUSTEE (§ 1129(A)(12))

§ 1129(a)(12) requires that all fees payable to the Office of the United States Trustee under 28 U.S.C. §1930 have been paid or the plan provides for the payment of such fees on the effective date of the plan. §507(a)(1) of the Bankruptcy Code, 11 U.S.C. §507(a)(1), includes within its limits, fees assessed under 28 U.S.C. §1930.

Here, since the Debtor is in a Sub Chapter V Chapter 11 Bankruptcy Case, this section is not applicable, as there are no quarterly fees due to the Office of the United States Trustee.

## O. DEBTOR HAS NO OBLIGATIONS FOR RETIREE BENEFITS (§1129(A)(13))

21

§ 1129(a)(13) requires that a plan provide for the continued payment of all retiree benefits for the duration of the period that the Debtor has obligated itself to provide such benefits.  Here, Debtor does not have any obligations for retiree benefits as defined in § 1114 of the Bankruptcy Code.

**P.  DEBTOR HAS NO DOMESTIC SUPPORT OBLIGATIONS (§1129(A)(14)).**

§ 1129(a)(14) requires that if the debtor is required by a judicial or administrative order, or by statute, to pay a domestic support obligation, the debtor has paid all amounts payable under such order or such statute for such obligation that first become payable after the date of the filing of the petition.  Here, Debtor does not have any domestic support obligations.

**Q.  SECTION 1129(A)(15)**

§ 1129(a)(15) requires that in a case in which the debtor is an individual and in which the holder of an allowed <u>unsecured</u> claim <u>objects</u> to the confirmation of the plan, that the value, as of the effective date of the plan, of the property to be distributed under the plan on account of such claim is not less than the amount of such claim; or the value of the property to be distributed under the plan is not less than the projected disposable income of the debtor (as defined in §1325(b)(2)) to be received during the 5-year period beginning on the date that the first payment is due under the plan, or during the period for which the plan provides payments, whichever is longer.

Here, 11 U.S.C. § 1129(a)(15) does not apply in Subchapter V plans, pursuant to 11 U.S.C. §§ 1181(a) and 1191(a).

**R.  § 1129(A)(16) DOES NOT APPLY**

§ 1129(16) relates to corporations or trusts that are "not a moneyed, business, or

commercial corporation." This does not apply to the Debtor.

## S. <u>MISCELLANEOUS PROVISIONS</u>

Pursuant to 11 U.S.C. § 1183(c)(2), within 14 days after the Plan is substantially consummated, the Debtor shall file with the court and serve on the trustee, the United States trustee, and all parties in interest notice of such substantial consummation.

Within five (5) business days of the Effective Date, the Debtor shall file with the court a notice of the Plan's Effective Date.

The Debtor shall file with the court and serve on the United States trustee post-confirmation quarterly reports that shall include all of its respective disbursements for that quarter until the case is closed, converted, or dismissed.

## IV.    <u>CONCLUSION</u>

For the foregoing reasons, and based on the evidence, authorities and arguments presented, the Debtor respectfully requests that its Plan be confirmed.

LAW OFFICES OF MICHAEL JAY BERGER

Dated: 7/11/2023                  By:/s/ Michael Jay Berger
                                          Michael Jay Berger
                                          Sofya Davtyan
                                          Attorneys for Debtor-in-Possession
                                          Purifying Systems, Inc.

23

## DECLARATION OF JAIME I. MAGANA

I, Jaime I. Magana, declare and state as follows:

1.      I am the Secretary of Purifying Systems, Inc., the Debtor and Debtor-in possession in the above-captioned proceeding ("Debtor").  I have personal knowledge of the facts set forth below and if called to testify as to those facts, I could and would competently do so.

2.      I make this declaration in support of confirmation of Debtor's Plan of Reorganization for Small Business Under Chapter 11 (the "Plan") [Docket No.: 59].

3.      On November 16, 2022, Purifying Systems. Inc. (the "Debtor"), the Debtor-in-Possession in the above-referenced Chapter 11 case, commenced this bankruptcy case by filing a voluntary petition under Chapter 11 of 11 U.S.C. §101 et seq. (the "Bankruptcy Code").

4.      Jaime Magana and Jaime I. Magana purchased the business from Rodger and Mary Van Fleets in 2017. The Debtor provides water filtration services.

5.      Debtor does not hold an interest in any real estate.  Debtor's personal property assets have a total estimated value of $220,301.00 (see Exhibit-A attached in support of Debtor's Plan of Reorganization for Small Business Under Chapter 11) ("Plan").

6.      Debtor's scheduled secured creditors are Wells Fargo Bank, N.A., ODK Capital Services Center, Callahan & Blaine APLC (secured only by an attorney lien for prospective award of attorneys' fees in connection with Van Fleet litigation), Rodger and Mary Van Fleet as Trustees of the Van Fleet Family Trust, U.S. Small Business Administration, and Westech Engineering ("Secured Creditors"). Based on Debtor's valuation of the assets, Wells Fargo Bank, N.A., the holder of the first position UCC lien's claim has been bifurcated into $220,939.31 secured claim and $502,165.70 as a general unsecured claim.  The rest of the secured creditors

24

whose claims are fully undersecured are treated in general unsecured class 3. See Exhibit B-1 attached in support of Debtor's Plan for the list of Secured Creditors and their treatment under Debtor's Plan.

7.   Debtor's unsecured priority creditors are the Internal Revenue Service with an allowed priority unsecured claim amount of $2,167.64, California Department of Tax and Fees with an allowed priority unsecured claim amount of $12,800.00, Franchise Tax Board with an allowed priority unsecured claim amount of $927.78, and Kern County Treasurer-Tax Collector with an allowed priority unsecured claim amount of $1,496.11. See Exhibit B-2 attached in support of Debtor's Plan.

8.   Debtor's general unsecured creditors hold claims with an estimated aggregate amount of $1,506,662.51.[3] See Exhibit B-3 attached in support of Debtor's Plan for holders of Class 3 claims and their treatment under Debtor's Plan.

9.   The Debtor's equity security holders include myself as Debtor's Secretary and an 80% shareholder and my father, Jaime Magana as Debtor's CEO and 20% shareholder. I do not hold a pre-petition or post-petition claim against the Debtor. My father, Jaime Magana, holds a pre-petition claim in the amount of $74,000.00 against the Debtor. He will not be receiving any distribution on his $74,000.00 claim the general unsecured class is not receiving a 100% distribution through Debtor's Plan. We will retain our equity interest in the Debtor as of the Effective Date.

---

[3] Exhibit B-3 attached in support of Debtor's Plan of Reorganization states that Rodger and Mary Van Fleets did not file a timely claim and the claim total is not included in $1,506,662.51 total. Van Fleet's claim was filed timely but there is a pending objection to Van Fleet's claim set for July 18, 2023 hearing. After the hearing on the objection to claim motion, Debtor will supplement the plan by filing an amended Exhibit B-3 specifying the treatment of Van Fleet's claim.

10.    The means for executing Debtor's Plan is set forth in <u>Exhibit C</u> to the Plan, which includes the Debtor's projections and monthly operating report summary. As described therein, the Debtor will fund its Plan with its cash on hand and the revenue from the business.

11.    Debtor will make the necessary amendments to its Articles of Incorporation to satisfy this requirement of §1123(a)(6) which prohibits issuance of non-voting shares and provisions relating to election of directors in the event of default in the payment of dividends.

12.    The Plan does not contain any provision which violates public policy with respect to selection of any officer, director or trustee under the Plan.

13.    Debtor's Plan does not contain any executory contracts or unexpired lease for Debtor to assume.

14.    Debtor's Plan rejects that certain business store front lease Debtor was a party to with Mid-Cal Property Management. Last payment was made in January 2022. Debtor vacated the premises in May 2022 and rejected the lease prior to the filing of the present bankruptcy case.

15.    Debtor's Plan designates myself, as Debtor's representative of the estate, and allows me to enforce any claims or causes of action belonging to the estate after the Effective Date.

16.    The Plan does not propose any sale of all or part of the property of the estate.

17.    The Plan seeks to modify the rights of its secured creditor, the Plan seeks to modify the rights of its secured creditor, Wells Fargo (Class 2A), which holds a UCC Lien against Debtor's personal property assets. Debtor is a corporation and does not own any real property, and therefore, the provision regarding "principal residence" is not applicable to the Debtor.

26

18.     Debtor submits that the record of this case evidences that its Plan is proposed in good faith and not by any means forbidden by law. The sole purpose of this Plan is to resolve Debtor's obligations to its creditors in accordance with the provisions of the Bankruptcy Code.

19.     **Class 2 (A)** consists entirely of the secured claim of Wells Fargo. Debtor is paying Wells Fargo $220,939.31 as a secured claim, based on the value of Debtor's assets (see Exhibit-A attached to Debtor's Plan) and is treating the estimated $502,165.70 balance as a general unsecured claim in Class 3, which is scheduled to receive a 1% distribution on its allowed unsecured claim. Under a hypothetical chapter 7 analysis, Wells Fargo would not receive more than what Debtor's Plan is proposing to pay through its Plan. See Exhibit-E attached in support of Debtor's Plan for detailed Liquidation Analysis, which shows that in Chapter 7, the percentage distribution to general unsecured creditors would be 0%.

20.     **Class 2 (B)** consists entirely of the secured claim of Callahan & Blaine APLC. Debtor's treatment of Callahan & Blaine's claim is contingent on the award of attorneys' fees to the Debtor in connection with Van Fleet's litigation. Callahan & Blaine's proof of claim is for $291,657.09 and the claim is listed in Debtor's schedules as a disputed and unliquidated claim. Debtor through its Counsel will attempt to resolve Callahan & Blaine's claim prior to August 8, 2023 plan confirmation hearing.

21.     **Class 3** consists of Debtor's impaired general unsecured non-priority claims. Debtor is paying its unsecured creditors more than they would receive in a Chapter 7 liquidation. *As detailed in its Liquidation Analysis, the amount the unsecured creditors would receive in prospective a Chapter 7 is* $0.00 (0%) on the dollar. Pursuant to the Plan, Class 3 general unsecured creditors will receive approximately **1.00%** of their allowed claims, which is more than they would receive in a Chapter 7 case. More importantly, Class 3 (A) VOTED TO ACCEPT THE PLAN.

27

22.     The Debtor has employed two professionals in this case – its bankruptcy counsel, and its certificated public accountant.  The bankruptcy counsel and the accountant will be paid in full upon the entry of the order approving the fee applications.  Moreover, as stated in Debtor's Plan, Debtor's Counsel and the Accountant are amenable to a different payment arrangement with the Debtor in the event the Debtor is unable to pay their fees and costs in full on the Effective Date.

23.     The other administrative claimant is the Sub Chapter V Trustee, Gregory K. Jones.  The Sub Chapter V Trustee will be paid in full on the Effective Date subject to Court's approval of his fee application.  A payment plan arrangement may be worked out between the Debtor and Sub Chapter V Trustee in the event the Debtor is unable to pay the fees in full on the Effective Date.

24.     Debtor has four priority unsecured tax claims and is paying these claims in full within five (5) years from the Petition Date at the applicable interest rate.

25.     The Debtor's income and expense projections, which are attached to Debtor's Plan as Exhibit C", show that it has sufficient income from its cash on hand and the revenue generated from the operation of its restaurant to fund its Plan.  Summary of Debtor's Monthly Operating Reports as well as subsequently filed MORS also support the feasibility of the plan by showing a positive net income and a steady increase in Debtor's revenue to fund the Plan. As such, the Plan is feasible.

26.     The Plan does not discriminate unfairly with respect to the holder of Class 2 (A) Wells Fargo because it proposes to pay Wells Fargo $220,939.31 as a secured claim based on the valuation of Debtor's Assets as of Plan Confirmation Hearing Date (See Exhibit-A to Debtor's Plan).  Furthermore, the treatment of Wells Fargo's claim as a secured claim for $220,939.31 is more than fair and equitable as the Debtor has been making monthly $5,401.46 adequate protection payments to Wells Fargo since the filing of the chapter 11 case and will continue to do so until the Plan is confirmed.

28

27.    The Plan does not discriminate unfairly with respect to the holder of Class 2 (B) Callahan & Blaine APLC because it proposes to pay Callahan & Blaine APLC as a secured claim based on the value of Debtor's receivable for the attorneys' fee award (See Exhibit-A to Debtor's Plan).

28.    The Plan does not discriminate unfairly with respect to the holder of Class 3 – general unsecured creditors, because it proposes to pay the holders of allowed general unsecured claims more than they would have received in a chapter 7 liquidation case.

29.    Debtor does not have any obligations for retiree benefits as defined in §1 114 of the Bankruptcy Code.

30.    Debtor does not have any domestic support obligations.

31.    Pursuant to 11 U.S.C. § 1183(c)(2), within 14 days after the Plan is substantially consummated, the Debtor shall file with the court and serve on the trustee, the United States trustee, and all parties in interest notice of such substantial consummation.

32.    Within five (5) business days of the Effective Date, the Debtor shall file with the court a notice of the Plan's Effective Date.

33.    The Debtor shall file with the court and serve on the United States trustee post-confirmation quarterly reports that shall include all of its respective disbursements for that quarter until the case is closed, converted, or dismissed.

29

1     I declare under penalty of perjury that the foregoing is true and correct and that this

2   declaration is executed on July 11, 2023, at Alhambra, California.

3

4

5                    Jaime I. Magana

6                    Secretary of Debtor-in-Possession, Purifying

7                    Systems, Inc.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION TO CONFIRM DEBTOR'S SUBCHAPTER V CHAPTER 11 PLAN OF REORGANIZATION; MEMORANDUM OF POINTS
AND AUTHORITIES; DECLARATIONS OF JAIME I. MAGANA AND SOFYA DAVTYAN IN SUPPORT THEREOF

## DECLARATION OF SOFYA DAVTYAN

I, Sofya Davtyan, declare as follows:

1.      I am a partner with the Law Offices of Michael Jay Berger, which represents the Debtor and Debtor-in-Possession, Purifying Systems, Inc. (the "Debtor") in this instant Chapter 11 bankruptcy case.   I am over the age of 18 and my business address is 9454 Wilshire Blvd., 6th Floor, Beverly Hills, California 90212.   I have personal knowledge of the facts set forth herein and if called as a witness, I could and would competently testify to those facts in a court of law.

2.      I make this declaration in support of confirming Debtor's Plan of Reorganization for Small Business Under Chapter 11 (the "Plan") filed on March 3, 2023 [Docket No.: 59].

3.      On June 9, 2023, the court issued a Scheduling Order Following May 30, 2023 Status Hearing ("Scheduling Order") [docket no.: 88], setting the following schedule of dates and deadlines with regards to confirmation of the Plan:

- *July 11, 2023 is the deadline for Debtor to file a Motion to Confirm Plan;*
- *Use of cash collateral is approved through August 8, 2023; and*
- *August 8, 2023 at 10:00 a.m. is the hearing on confirmation of Debtor's Subchapter V Plan and a continued hearing on Debtor's Motion for Authority to Use Cash Collateral.*

4.      The Scheduling Order was served on US Trustee, Subchapter V Trustee, and all creditors and parties in interest on June 13, 2023.   See Declaration of Peter Garza Regarding Service of the Scheduling Order Following May 30, 2023 Status Hearing [docket no.: 91].

5.      The Subchapter V Plan and the Ballot Form were mailed to all required parties on March 3, 2023.

6.      As of July 11, 2023, no preliminary objections to Debtor's Plan have been filed or received.

31

7.      As of April 3, 2023 ballot submission deadline, Debtor's counsel received a total of seven (7) ballots, which included three (3) ballots voting to accept Debtor's Plan and four (4) ballots voting to reject Debtor's Plan. A true and correct copy of the Summary of Ballots is attached hereto as **Exhibit-A.**

I declare under penalty of perjury that the foregoing is true and correct.  Executed this on July 11, 2023 at Beverly Hills, California.

_____
Sofya Davtyan

MOTION TO CONFIRM DEBTOR'S SUBCHAPTER V CHAPTER 11 PLAN OF REORGANIZATION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF JAIME I. MAGANA AND SOFYA DAVTYAN IN SUPPORT THEREOF

**EXHIBIT-A**

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| **Michael Jay Berger (SBN 100291)**<br>**Law Offices of Michael Jay Berger**<br>**9454 Wilshire Boulevard, 6th floor**<br>**Beverly Hills, CA 90212**<br>**Tel.: (310) 271-6223 Fax:  (310) 271-9805**<br>**michael.berger@bankruptcypower.com** |  |
| ☐ *Individual appearing without attorney*<br>☑ *Attorney for:* **Purifying Systems, Inc.** |  |

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

| In re:<br><br>        **Purifying Systems, Inc.** | CASE NO.: **2:22-bk-16301-BR** |
|---|---|
|  | CHAPTER: **11** |
|  | ### PLAN BALLOT SUMMARY<br><br>*(Note: The Plan Proponent must file a Plan Ballot<br>    Summary at least 1 day prior to the Confirmation<br>    Hearing.)* |
| Debtor(s). | DATE: August 8, 2023<br>TIME:  10:00 a.m.<br>COURTROOM: 1668<br>ADDRESS: 255 E. Temple St., Los Angeles, CA 90012 |

1. Proponent of Plan (*specify name*): _Purifying Systems, Inc._

2. Are there any competing plans filed with the court?    ☐ Yes  ☑ No

3. Is a cramdown requested?                ☑ Yes  ☐ No

4. Unimpaired classes (*specify class numbers*): __n/a___

5. Impaired classes (*specify class numbers*): _2(A), 2(B), and Class 3_

6. Has any impaired class approved the Plan?    ☐ Yes  ☑ No
   (*If YES, specify which class or classes*): _____

7. Pursuant to 11 U.S.C. §1126(c), only the actual ballots cast are counted to determine whether a given class has voted to  accept or reject the plan. That section further provides that a class will have accepted the plan if voting creditors in such class holding at least **two-thirds in amount** and more **than one-half in number** have voted to accept the plan.

---

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2014*                Page 1                **F 3018-2.PLAN.BALLOT.SUMMARY**

The following is a summary by creditor class of the ballots that were returned in a timely manner (an example is included on the following page):

| Class | Impaired? | Total number of claims voted by members of class (N) | Number of claims voted in favor of accepting the plan (A) and rejecting the plan (R) | Percentage accepting (A ÷ N) | Aggregate dollar amount of claims voted by members of class (Amt) | Dollar amount of claims voted in favor of accepting the plan (A) and rejecting the plan (R) | Percentage accepting (A ÷ Amt) |
|---|---|---|---|---|---|---|---|
| 3 | Y | (N) 5 | (A) 2 (R) 3 | 6.46 % | (Amt) 184,843.97 | (A) 11,953.12 (R) 172,890.85 | 6.4 % |
| 2A | Y | (N) 1 | (A) 0 (R) 1 | 0 % | (Amt) 723,105.01 | (A) 0 (R) 723,105.01 | 0 % |
| * n/a | n/a | (N) 1 | (A) 1 (R) 0 | 100 % | (Amt) 1,496.11 | (A) 1,496.11 (R) 0 | Priority claim % |
|  |  | (N) | (A) (R) | % | (Amt) | (A) (R) | % |
|  |  | (N) | (A) (R) | % | (Amt) | (A) (R) | % |
|  |  | (N) | (A) (R) | % | (Amt) | (A) (R) | % |
|  |  | (N) | (A) (R) | % | (Amt) | (A) (R) | % |
|  |  | (N) | (A) (R) | % | (Amt) | (A) (R) | % |
|  |  | (N) | (A) (R) | % | (Amt) | (A) (R) | % |
|  |  | (N) | (A) (R) | % | (Amt) | (A) (R) | % |

☐ see attached continuation page

Comments:    *  **Kern County Treasurer is a priority claim in the amount of $1,496.11. Not in a class and not entitled to vote.**

Date:  July 11, 2023

/s/ Michael Jay Berger
Signature of Debtor, or attorney for Debtor

**Michael Jay Berger**
Printed name of Debtor, or attorney for Debtor

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2014                                    Page 2                    F 3018-2.PLAN.BALLOT.SUMMARY

## BALLOT FOR ACCEPTING OR REJECTING PLAN

On March 3, 2023, Chapter 11 Debtor and Debtor-in-Possession **Purifying Systems, Inc.** filed its Subchapter V Plan of Reorganization (the "Plan"). By this ballot you will decide whether to accept or reject this Plan.

The Plan referred to in this ballot can be confirmed by the Court and thereby bind you if it is accepted by the holders of two-thirds in amount and more than one-half in number of claims in each class and the holders of two-thirds in amount of equity security interests in each class voting on the Plan.

If the requisite acceptances are not obtained, the Court may nevertheless confirm the Plan if the Court finds that the Plan accords fair and equitable treatment to the class or classes rejecting it [as defined by § 1191(b)] and otherwise satisfies the requirements of 11 U.S.C.A. § 1129(b) (West 2004 & Supp. 2006).

Check the appropriate line below, which describes your interest:

A. ___✓___ The undersigned, a creditor with an allowed claim in the amount of $ 9,115.60

B. _____ The undersigned, the holder of _____ shares of _____ (explain type of stock) stock, with a certificate(s) no. _____:

[ ✓ ] Accepts the Plan                    [ ] Rejects the Plan

Print or type name: JERRY PEARSON

State which class (by number) you are a member of: ___3___

Signed: _____

If appropriate, by: _____ as *for Law offices of Young Worldridge LLP*

Address: 1800 30th Street 4th Floor
Bakersfield CA 93301

Return this ballot on or before **April 3, 2023** to Sofya Davtyan via:

**Email: sofya.davtyan@bankruptcypower.com**
**Or**
**Facsimile: (310) 271-9805**
**Or**
**Law Offices of Michael Jay Berger**
**Attn: Sofya Davtyan, Esq.**
**9454 Wilshire Boulevard, 6th Floor**
**Beverly Hills, California 90212**

## BALLOT FOR ACCEPTING OR REJECTING PLAN

On March 3, 2023, Chapter 11 Debtor and Debtor-in-Possession **Purifying Systems, Inc.** filed its Subchapter V Plan of Reorganization (the "Plan"). By this ballot you will decide whether to accept or reject this Plan.

The Plan referred to in this ballot can be confirmed by the Court and thereby bind you if it is accepted by the holders of two-thirds in amount and more than one-half in number of claims in each class and the holders of two-thirds in amount of equity security interests in each class voting on the Plan.

If the requisite acceptances are not obtained, the Court may nevertheless confirm the Plan if the Court finds that the Plan accords fair and equitable treatment to the class or classes rejecting it [as defined by § 1191(b)] and otherwise satisfies the requirements of 11 U.S.C.A. § 1129(b) (West 2004 & Supp. 2006).

Check the appropriate line below, which describes your interest:

A.  ___✓___  The undersigned, a creditor with an allowed claim in the amount of $ _2,837.52_:

B.  _____  The undersigned, the holder of _____ shares of _____ (explain type of stock) stock, with a certificate(s) no. _____:

[✓] Accepts the Plan               [ ] Rejects the Plan

Print or type name:  _Global Aqua Technology_

State which class (by number) you are a member of: ___3___

Signed:  _____

If appropriate, by: _Kevin Cheng_ as _President_

Address: _13963 Ramona Ave_
_Chino, CA 91710_

Return this ballot on or before **April 3, 2023** to Sofya Davtyan via:

**Email: sofya.davtyan@bankruptcypower.com**
**Or**
**Facsimile: (310) 271-9805**
**Or**
**Law Offices of Michael Jay Berger**
**Attn: Sofya Davtyan, Esq.**
**9454 Wilshire Boulevard, 6th Floor**
**Beverly Hills, California 90212**

## BALLOT FOR ACCEPTING OR REJECTING PLAN

On March 3, 2023, Chapter 11 Debtor and Debtor-in-Possession **Purifying Systems, Inc.** filed its Subchapter V Plan of Reorganization (the "Plan"). By this ballot you will decide whether to accept or reject this Plan.

The Plan referred to in this ballot can be confirmed by the Court and thereby bind you if it is accepted by the holders of two-thirds in amount and more than one-half in number of claims in each class and the holders of two-thirds in amount of equity security interests in each class voting on the Plan.

If the requisite acceptances are not obtained, the Court may nevertheless confirm the Plan if the Court finds that the Plan accords fair and equitable treatment to the class or classes rejecting it [as defined by § 1191(b)] and otherwise satisfies the requirements of 11 U.S.C.A. § 1129(b) (West 2004 & Supp. 2006).

Check the appropriate line below, which describes your interest:

A. __X__ The undersigned, a creditor with an allowed claim in the amount of $ 1,496.11 :

B. _____ The undersigned, the holder of _____ shares of _____ (explain type of stock) stock; with a certificate(s) no. _____ :

[X] Accepts the Plan          [ ] Rejects the Plan

Print or type name: _Angelica Leon_

State which class (by number) you are a member of: _N/A_

Signed: _Angelica Leon_

If appropriate, by: _Kern County Treasurer_ as _Authorized agent_

Address: _1115 Truxtun Ave. 2nd Floor_
_Bakersfield CA 93301_

Return this ballot on or before **April 3, 2023** to Sofya Davtyan via:

Email: sofya.davtyan@bankruptcypower.com
Or
Facsimile: (310) 271-9805
Or
Law Offices of Michael Jay Berger
Attn: Sofya Davtyan, Esq.
9454 Wilshire Boulevard, 6th Floor
Beverly Hills, California 90212

## BALLOT FOR ACCEPTING OR REJECTING PLAN

On March 3, 2023, Chapter 11 Debtor and Debtor-in-Possession **Purifying Systems, Inc.** filed its Subchapter V Plan of Reorganization (the "Plan"). By this ballot you will decide whether to accept or reject this Plan.

The Plan referred to in this ballot can be confirmed by the Court and thereby bind you **if** it is accepted by the holders of two-thirds in amount and more than one-half in number of claims in each class and the holders of two-thirds in amount of equity security interests in each class voting on the Plan.

If the requisite acceptances are not obtained, the Court may nevertheless confirm the Plan if the Court finds that the Plan accords fair and equitable treatment to the class or classes rejecting it [as defined by § 1191(b)] and otherwise satisfies the requirements of 11 U.S.C.A. § 1129(b) (West 2004 & Supp. 2006).

Check the appropriate line below, which describes your interest:

A. ___X___ The undersigned, a creditor with an allowed claim in the amount of $ ~~23,875~~ ·

B. _____ The undersigned, the holder of _____ shares of _____ (explain type of stock) stock, with a certificate(s) no. _____ ·

[ ] Accepts the Plan                    [X] Rejects the Plan

Print or type name: _General Technologies_

State which class (by number) you are a member of: _# 3_

Signed: _Blin, atty for_                           _Creditor_

If appropriate, by: _Joal O. Blanny_ as _Atty. For Creditor_

Address: _3835 East Thousand Oaks Blvd #_ _R-34_
_Westlake Villages, CA 91362_

Return this ballot on or before **April 3, 2023** to Sofya Davtyan via:

Email: sofya.davtyan@bankruptcypower.com
Or
Facsimile: (310) 271-9805
Or
Law Offices of Michael Jay Berger
Attn: Sofya Davtyan, Esq.
9454 Wilshire Boulevard, 6th Floor
Beverly Hills, California 90212

## BALLOT FOR ACCEPTING OR REJECTING PLAN

On March 3, 2023, Chapter 11 Debtor and Debtor-in-Possession **Purifying Systems, Inc.** filed its Subchapter V Plan of Reorganization (the "Plan"). By this ballot you will decide whether to accept or reject this Plan.

The Plan referred to in this ballot can be confirmed by the Court and thereby bind you if it is accepted by the holders of two-thirds in amount and more than one-half in number of claims in each class and the holders of two-thirds in amount of equity security interests in each class voting on the Plan.

If the requisite acceptances are not obtained, the Court may nevertheless confirm the Plan if the Court finds that the Plan accords fair and equitable treatment to the class or classes rejecting it [as defined by § 1191(b)] and otherwise satisfies the requirements of 11 U.S.C.A. § 1129(b) (West 2004 & Supp. 2006).

Check the appropriate line below, which describes your interest:

A. __✓__ The undersigned, a creditor with an allowed claim in the amount of $ _51,582.00_

B. _____ The undersigned, the holder of _____ shares of _____ (explain type of stock) stock, with a certificate(s) no. _____:

[  ] Accepts the Plan                    [ ✓ ] Rejects the Plan

Print or type name: _Quick Bridge Funding LLC_

State which class (by number) you are a member of: _____3_____

Signed: _____

If appropriate, by: _Robert Zahradka_ as _In-House Counsel_

Address: _9530 Towne Centre Dr, Suite 120_
_____San Diego, CA 92121_____

Return this ballot on or before **April 3, 2023** to Sofya Davtyan via:

Email: sofya.davtyan@bankruptcypower.com
Or
Facsimile: (310) 271-9805
Or
Law Offices of Michael Jay Berger
Attn: Sofya Davtyan, Esq.
9454 Wilshire Boulevard, 6th Floor
Beverly Hills, California 90212

## BALLOT FOR ACCEPTING OR REJECTING PLAN

On March 3, 2023, Chapter 11 Debtor and Debtor-in-Possession **Purifying Systems, Inc.** filed its Subchapter V Plan of Reorganization (the "Plan"). By this ballot you will decide whether to accept or reject this Plan.

The Plan referred to in this ballot can be confirmed by the Court and thereby bind you if it is accepted by the holders of two-thirds in amount and more than one-half in number of claims in each class and the holders of two-thirds in amount of equity security interests in each class voting on the Plan.

If the requisite acceptances are not obtained, the Court may nevertheless confirm the Plan if the Court finds that the Plan accords fair and equitable treatment to the class or classes rejecting it [as defined by § 1191(b)] and otherwise satisfies the requirements of 11 U.S.C.A. § 1129(b) (West 2004 & Supp. 2006).

Check the appropriate line below, which describes your interest:

A. ___X___ The undersigned, a creditor with an allowed claim in the amount of $ _97,432.92_ :

B. _____ The undersigned, the holder of _____ shares of _____ (explain type of stock) stock, with a certificate(s) no. _____:

[  ] Accepts the Plan                    [ X ] Rejects the Plan

Print or type name: ___Wells Fargo Bank, N.A._____

State which class (by number) you are a member of: ____3_____

Signed: _____ for_____

Benjamin G. Kaplan
If appropriate, by: ___Michael K. Bohe_____ as ___Lead Loan Workout Specialist___

Address: __1150 W. Washington St 1st Floor|_____
            __Tempe, AZ 85281_____

Return this ballot on or before **April 3, 2023** to Sofya Davtyan via:

**Email: sofya.davtyan@bankruptcypower.com**
**Or**
**Facsimile: (310) 271-9805**
**Or**
**Law Offices of Michael Jay Berger**
**Attn: Sofya Davtyan, Esq.**
**9454 Wilshire Boulevard, 6th Floor**
**Beverly Hills, California 90212**

## BALLOT FOR ACCEPTING OR REJECTING PLAN

On March 3, 2023, Chapter 11 Debtor and Debtor-in-Possession **Purifying Systems, Inc.** filed its Subchapter V Plan of Reorganization (the "Plan"). By this ballot you will decide whether to accept or reject this Plan.

The Plan referred to in this ballot can be confirmed by the Court and thereby bind you if it is accepted by the holders of two-thirds in amount and more than one-half in number of claims in each class and the holders of two-thirds in amount of equity security interests in each class voting on the Plan.

If the requisite acceptances are not obtained, the Court may nevertheless confirm the Plan if the Court finds that the Plan accords fair and equitable treatment to the class or classes rejecting it [as defined by § 1191(b)] and otherwise satisfies the requirements of 11 U.S.C.A. § 1129(b) (West 2004 & Supp. 2006).

Check the appropriate line below, which describes your interest:

A. ___X___ The undersigned, a creditor with an allowed claim in the amount of $ _723,105.01_ :

B. _____ The undersigned, the holder of _____ shares of _____ (explain type of stock) stock, with a certificate(s) no. _____ :

[ ] Accepts the Plan          [X] Rejects the Plan

Print or type name: _____Wells Fargo Bank, N.A._____

State which class (by number) you are a member of: _____2A_____

Signed: _____Benjamin G. Kaplan_____ for: _____

If appropriate, by: __Michael K. Bohe__ as __Lead Loan Workout Specialist__

Address: _1150 W. Washington St 1st Floor|_____
         _Tempe, AZ 85281_____

Return this ballot on or before **April 3, 2023** to Sofya Davtyan via:

Email: sofya.davtyan@bankruptcypower.com
**Or**
Facsimile: (310) 271-9805
**Or**
Law Offices of Michael Jay Berger
Attn: Sofya Davtyan, Esq.
9454 Wilshire Boulevard, 6th Floor
Beverly Hills, California 90212

# .PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
9454 Wilshire Blvd., 6th Fl., Beverly Hills, CA 90212

A true and correct copy of the foregoing document entitled (*specify* **MOTION TO CONFIRM DEBTOR'S SUBCHAPTER V CHAPTER 11 PLAN OF REORGANIZATION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF JAIME I. MAGANA AND SOFYA DAVTYAN IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On 7/11/2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
Counsel for Debtor: Michael Jay Berger    michael.berger@bankruptcypower.com,
yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com
Jeffrey Broker: Jeffrey W Broker    jbroker@brokerlaw.biz
Subchapter V Trustee: Gregory Kent Jones (TR)    gjones@sycr.com,
smjohnson@sycr.com;C191@ecfcbis.com;cpesis@stradlinglaw.com
U.S. Trustee: Ron Maroko    ron.maroko@usdoj.gov
Wells Fargo's Counsel: Edward J Miller    emiller@fabozzimillerlaw.com, dsandoval@fabozzimillerlaw.com
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On 7/11/2023, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on 7/11/2023, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.
Honorable Barry Russell
United States Bankruptcy Court - Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1660 / Courtroom 1668
Los Angeles, CA 90012

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 7/11/2023 | Peter Garza | /s/Peter Garza |
|-----------|-------------|----------------|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                    **F 9013-3.1.PROOF.SERVICE**

2. <u>**SERVED BY UNITED STATES MAIL**</u>:

U.S. Trustee
Attn: Ron Maroko, Esq.
915 Wilshire Blvd., Ste 1850
Los Angeles, CA 90017

Subchapter V Trustee:
Gregory Kent Jones, Esq.
Stradling Yocca Carlson & Rauth
10100 N. Santa Monica Blvd., Ste. 1400
Los Angeles, CA 90067

**SECURED CERDITORS:**

ON DECK Capital, LLC
1400 Broadway
New York, NY 10018 (Address from POC)

OnDeck Capital
Client Service Center
4201 Wilson Blvd., Ste 110-209
Arlington, VA 22203

James R. Harvey
Belden Blaine Raytis, LLP
c/o Van Fleet Family Trust
5016 California Avenue, Suite 3
Bakersfield, CA 93309

Counsel for Creditor:
James Harvey, Esq.
PO Box 9129
Bakersfield, CA 93389

Rodger L. Van Fleet and
Mary A. Van Fleet, Trustees of the
Van Fleet Family Trust
13106 San Simeon Avenue
Bakersfield, CA 93314

U.S. Small Business Administration
c/o Elan S. Levey
300 N. Los Angeles Street
Fed. Bldg. Rm. 7516
Los Angeles, CA 90012

U.S. Small Business Administration
1545 Hawkins Blvd., Suite 202
El Paso, TX 79925

Wells Fargo Bank, N.A.
c/o Fabozzi & Miller, APC
Attn: Ed Miller, Esq.
38975 Sky Canyon Dr. #104
Murrietta, CA 92563

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

Wells Fargo Bank, N.A.
100 W. Washington St., 21st Floor
Phoenix, AZ 85003

Wells Fargo Bank, N.A.
MAC D4004-03A
PO Box 202902
Dallas, TX 75320

Wells Fargo SBL
PO Box 29482
Phoenix, AZ 85038

Westech Engineering, LLC
PO Box 65068
Salt Lake City, UT  84165

**20 LARGEST UNSECURED CREDITORS:**

American Business Machines
821 18th Street
Bakersfield, CA 93301

AmTrust North America
800 Superior Avenue E
Cleveland, OH 44114

Assn Company
c/o OnDeck Capital
PO Box 2576
Springfield, IL 62708

Avista
140 Bosstick Blvd. SPC 130
San Marcos, CA 92069

Baker Tilly
11150 Santa Monica Blvd, Suite 600
Los Angeles, CA 90025

Bank of America
Attn: Bankruptcy NC4-10
POB 26012
Greensboro, NC 27410

California Department of Tax and
Fee Administration
P O Box 942879
Sacramento, CA 94279

Callahan & Blaine
3 Hutton Centre Drive Ninth Floor
Santa Ana, CA 92707

Carroll's Tire Warehouse
981 W North Grand

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

Porterville, CA 93257

Chase
Attn: Bankruptcy Dept.
POB 100018
Kennesaw, GA 30156

Culligan of Seymour
1263 W. Tipton Street
PO Box 964
Seymour, IN 47274

Foremost Insurance Company
5600 Beech Tree Lande
Caledonia, MI 49316

Frank Sciotto
1050 E Dominguez St #F
Carson, CA 90746

General Technologies
c/o Collection at Law, Inc.
Attn: Jon O. Blanda, Esq.
3835 E Thousand Oaks Blvd Ste R-349
Thousand Oaks, CA 91362

Global Aqua
13963 Ramona Ave #E
Chino, CA 91710

Kern County Tax Collector
1115 Truxtun Ave., 2nd floor
Bakersfield, CA 93301

Markel
PO Box 650028
Dallas, TX 75265-0028

Mid-Cal Property Management
1616 West Mineral King, Suite C
Visalia, CA 93291

Pace Analytical
PO Box 684056
Chicago, IL 60690

Pace Supply
PO Box 6407
Rohnert Park, CA 94927

**ADDITIONAL INTERSTED PARTIES:**

Preferred Pump
5311 Woodmere Drive
Bakersfield, CA 93313

Quick Bridge Funding LLC

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

410 Exchange Ste. 150
Irvine, CA 92602


Sherri Jobe
c/o Philip W Ganong
Ganong Law Office
930 Truxtun Avenue, Ste 102
Bakersfield, CA 93301-2000

Sierra Sanitary Welding Inc.
c/o Acclaim Credit Technologies
227 N West Street
Visalia, CA 93291

Stratman, Schwartz & Williams Abreg
Attn: Lina S. Davidian, Esq.
PO Box 248916
Oklahoma City, OK 73124-8916

Tyson & Mendes
5200 North Palm Avenue, Suite 311
Fresno, CA 93704

Verizon
PO Box 408
Newark, NJ 07101

Wesco Insurance
c/o McCarthy, Burgess, Wolff
26000 Cannon Rd.
Bedford, OH 44146

Yoffe & Cooper, LLP
3713 Highland Ave #2
Manhattan Beach, CA 90266

Young Wooldridge, LLP
1800 30th Street 4th Floor
Bakersfield, CA 93301

Cellco Partnership dba Verizon Wireless
c/o William Vermette
22001 Loudoun County Pkwy
Ashburn, VA 20147 (Address from POC)

General Technologies
c/o Collection at Law, Inc.
Attn: Jon O. Blanda
3835 E Thousand Oaks Blvd Ste R-349
Thousand Oaks, CA 91362 (Address from POC)

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                            **F 9013-3.1.PROOF.SERVICE**